UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RAYMOND DAVIS, an individual, | |
| Plaintiff, | Case No.: 2:16-cv-01207-GMN-NJK |
| vs. | **ORDER** |
| DEAN KOONTZ, an individual; DOE Individuals I through X; and ROE CORPORATIONS and ORGANIZATIONS I through X, inclusive, | |
| Defendants. | |

Pending before the Court is the Motion to Dismiss, (ECF No. 8), filed by Defendant Dean Koontz ("Defendant") to which Plaintiff Raymond Davis ("Plaintiff") filed a Response, (ECF No. 11).[1] Defendant did not file a reply, and the deadline to do so has passed. For the reasons discussed below, the Court **GRANTS** Defendant's Motion.

**I.   BACKGROUND**

This case arises from an alleged breach of contract. Plaintiff is a Nevada resident, and Defendant, a California resident, is a prominent author. (Compl. ¶¶ 1–2, ECF No. 1-1). Both Plaintiff and Defendant knew John Paul Bodner ("Bodner"), who is now deceased. (*Id.* ¶¶ 6–10). Bodner owned a "large collection of literary works written by Defendant" with many of the works "personally signed by Defendant." (*Id.* ¶¶ 7–8).

In late 2012, before passing away, Bodner gave Plaintiff his collection of works written and signed by Defendant. (*Id.* ¶¶ 9–10). After accepting the collection, Plaintiff received a

---

[1] Defendant filed a Motion to Strike, (ECF No. 13), Plaintiff's Response to the Motion to Dismiss and Plaintiff's Response to Defendant's Motion to Transfer Venue, (ECF No. 12), (collectively the "Responses") due to the Responses being filed twenty days late. (Mot. to Strike 1:24–28). For good cause appearing, the Court **DENIES** Defendant's Motion to Strike.

letter from Defendant (the "Letter") stating, "I'll try to make sure that you're able to get as much as possible out of these books, but as I said, it will probably be on a consignment basis and take awhile [sic]." (Ex. 1 to Resp. at 2, ECF No. 11-1).  Thereafter, Defendant instructed Plaintiff to ship the books to his California address so that Defendant could sell the books for him. (*Id.*).

In 2013, Plaintiff sent the collection to Defendant in California, and Defendant began attempting to sell the books. (Compl. ¶ 13).  Plaintiff alleges that Defendant successfully sold some of the books and issued Plaintiff a share of the proceeds. (*Id.* ¶ 14).  Despite this initial success, Plaintiff ultimately asked Defendant to return the books to Plaintiff, but Defendant refused. (*Id.* ¶ 15–16).

In 2016, Plaintiff filed suit in state court against Defendant alleging breach of contract, fraud, conversion, and unjust enrichment. (*See generally id.*).  Defendant removed the action to this Court, (*see* Pet. for Removal, ECF No. 1), and now seeks dismissal pursuant to a lack of personal jurisdiction, (*see* Mot. to Dismiss ("MTD"), ECF No. 8).

## II.    LEGAL STANDARD

Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, a defendant may move to dismiss for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2).  Once a defendant raises the defense, the burden then falls on the plaintiff to prove sufficient facts to establish that jurisdiction is proper. *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008).  A plaintiff can carry this burden only by presenting sufficient evidence to establish that (1) personal jurisdiction is proper under the laws of the state where it is asserted; and (2) the exercise of jurisdiction does not violate the defendant's right to due process secured by the United States Constitution. *Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir. 1995); *Chan v. Soc'y Expeditions, Inc.*, 39 F.3d 1398, 1404-05 (9th Cir. 1994).  To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff need only make "a *prima facie* showing of jurisdictional

facts." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006) (quoting *Doe v. Unocal*, 248 F.3d 915, 922 (9th Cir. 2001)).  Furthermore, when analyzing such a motion to dismiss, "the court resolves all disputed facts in favor of the plaintiff." *Id.*

When no federal statute governs personal jurisdiction, the district court applies the law of the forum state. *See Panavision Int'l L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir.1998). Nevada has authorized its courts to exercise jurisdiction over persons "on any basis not inconsistent with . . . the Constitution of the United States." Nev. Rev. Stat. § 14.065.  Thus, the due process clause of the Fourteenth Amendment is the relevant constraint on Nevada's authority to bind a nonresident defendant to a judgment of its courts. *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980).  In order to exercise jurisdiction, the nonresident must have "certain minimum contacts . . . such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

### III.   DISCUSSION

In the instant Motion, Defendant argues that the Court lacks personal jurisdiction over him because Defendant does not have sufficient relevant contacts in Nevada. (MTD 3:11–13). Plaintiff, on the other hand, asserts that the Court has personal jurisdiction over Defendant pursuant to both general jurisdiction and specific jurisdiction based off of Defendant's profession and Defendant's Letter. (*See* Resp. 5:2–24, 6:19–23, ECF No. 11); (*see also* Ex. 1 to Resp.).

A personal jurisdiction analysis is governed by the Due Process Clause of the Fourteenth Amendment, which limits the power of a state's courts over defendants who do not consent to jurisdiction. *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1066 (9th Cir. 2014).  Personal jurisdiction has been limited under the Constitution to defendants that have "certain minimum contacts with [a state] such that the maintenance of a suit does not offend 'traditional notions of

fair play and substantial justice.'" *Core–Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1485 (9th Cir. 1993) (quoting *Int'l. Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Moreover, the contacts must arise out of relationships that the "defendant himself" created with the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). The "minimum contacts" inquiry is defendant-focused and is not satisfied by demonstrating contacts between the plaintiff and the forum state. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984) ("[The] unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum [s]tate to justify an assertion of jurisdiction.").

Further, the defendant must have "minimum contacts" with the forum state itself, rather than mere contacts with persons who reside there. *See Burger King*, 471 U.S. at 478 ("If the question is whether an individual's contract with an out-of-state party alone can automatically establish sufficient minimum contacts in the other party's home forum, we believe the answer clearly is that it cannot."); *Kulko v. Superior Court of Cal., City and Cnty. of San Francisco*, 436 U.S. 84, 93 (1978) (declining to "find personal jurisdiction in a state . . . merely because [the plaintiff in a child support action] was residing there"). The defendant's contacts with the forum state may be intertwined with his transactions or interactions with the plaintiff or other parties, but a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction. *See Rush v. Savchuk*, 444 U.S. 320, 332 (1980).

A court determines sufficient minimum contacts either through specific jurisdiction, where the specific interaction with the forum relating to the cause of action gives rise to the contacts, or through general jurisdiction, where the contacts with the forum are systematic and continuous, warranting the exercise of personal jurisdiction. *See, e.g.*, *Int'l Shoe Co.*, 326 U.S. at 316. If such contacts are established, a court must still determine that exercising personal

jurisdiction would not offend the "traditional notions of fair play and justice." *Id.* The Court first addresses general jurisdiction and then addresses specific jurisdiction.

### 1. General Jurisdiction

General jurisdiction allows "a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." *Martinez*, 764 F.3d at 1066. To establish general personal jurisdiction, the plaintiff must demonstrate the defendant has sufficient contacts to "constitute the kind of continuous and systematic general business contacts that 'approximate physical presence.'" *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1124 (9th Cir. 2002).

Courts consider such factors as whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated in the state. *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). "[A] defendant whose contacts are substantial, continuous, and systematic is subject to a court's general jurisdiction even if the suit concerns matters not arising out of his contacts with the forum." *Glencore Grain*, 284 F.3d at 1123 (citing *Helicopteros*, 466 U.S. at 415 n.9).

Here, Defendant is domiciled in Orange County, California (Koontz Decl. ¶ 2, ECF No. 8-1). Plaintiff argues that the Court can exert general jurisdiction over Defendant because "Defendant is a well-published author who sells books within Nevada" and "reaps financial benefit from the sales of the books sold within Nevada." (Resp. 5:10–13).

However, merely authoring books available for purchase in Nevada is far from the continuous and systematic forum contacts required for the Court to exercise general jurisdiction over Defendant. Plaintiff fails to allege that Defendant himself markets the books in Nevada or otherwise solicits business in the state. The fact that a book written by Defendant may end up, through the normal stream of commerce, being sold to a Nevada resident does not in itself

satisfy the exacting standard for general jurisdiction. *See, e.g.*, *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2852 (2011) (finding no general jurisdiction over Goodyear USA in North Carolina where some tires made by Goodyear did end up in North Carolina through the normal stream of commerce, but there was no evidence in the record that the foreign subsidiaries "took any affirmative action to cause tires which they had manufactured to be shipped into North Carolina"); *see also Desantos v. Bourland*, 2015 WL 3439157, at *4 (D. Haw. May 27, 2015) (holding that a state does not have general personal jurisdiction over a defendant who illustrated pictures for a book sold in the forum state). Accordingly, the Court cannot exercise general personal jurisdiction over Defendant.

### 2. Specific Jurisdiction

Specific personal jurisdiction is established if a plaintiff can show: (1) the defendant has performed some act or transaction within the forum or purposefully availed himself of the privileges of conducting activities within the forum; (2) the plaintiff's claim arises out of or results from the defendant's forum-related activities; and (3) the exercise of jurisdiction over the defendant is reasonable. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801–02 (9th Cir. 2004). "If any of the three requirements is not satisfied, jurisdiction in the forum would deprive the defendant of due process of law." *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270 (9th Cir. 1995). The Court begins with purposeful availment.

Under the first element of the specific jurisdiction test, the plaintiff must establish that the defendant either (1) purposefully availed himself of the privilege of conducting his activities in the forum or (2) purposefully directed his activities toward the forum. *See, e.g.*, *Schwarzenegger*, 374 F.3d at 802. "A purposeful availment analysis is most often used in suits sounding in contract" and a "purposeful direction analysis, on the other hand, is most often used in suits sounding in tort." *Id.* Because Plaintiff alleges that the suit arises from a breach of contract, (*see* Compl. ¶¶ 17–22), the Court applies the purposeful availment analysis.

To show that a defendant purposefully availed himself of the privilege of doing business in a forum state, the plaintiff must present evidence of the defendant's actions in the forum, such as the defendant executing or performing a contract there. *Schwarzenegger*, 374 F.3d at 802.  In executing or performing a contract in the forum, a defendant seeks benefits and protections of the forum state's laws and therefore must submit to the burdens of litigation in the forum. *Id.*

The Supreme Court holds that a party has not purposefully availed itself of the forum state's laws if it carries on no activity in the forum state, closes no sales and performs no services in the forum state, and does not serve or seek to serve the residents of the forum state. *World–Wide Volkswagen Corp.*, 444 U.S. at 295.  Moreover, a plaintiff cannot "seek to base jurisdiction on one, isolated occurrence and whatever inferences can be drawn therefrom." *Id.*; *see Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1209 (9th Cir. 2006) (holding that a cease and desist letter that is not used to facilitate settlement and is not abusive, tortious, or otherwise wrongful is a contact that would not, considered alone, justify the exercise of personal jurisdiction).

Here, Plaintiff alleges that Defendant "consummated a transaction" by sending the Letter to Plaintiff in Nevada. (Resp. 19–21).  However, making an offer to an out-of-state plaintiff does not automatically establish sufficient minimum contacts to support jurisdiction. Defendant's Letter is one, isolated occurrence; the Letter is not asking to facilitate settlement and is not abusive, tortious, or otherwise wrongful.  Moreover, the actions that Defendant is offering to execute or perform are in California. (Ex. 1 to Resp. at 2).

Plaintiff does not sufficiently meet his burden to show that Defendant purposefully availed himself to this forum.  Plaintiff does not allege in his Response that any exchanges occurred between Plaintiff and Defendant outside of the singular instance of the Letter. Plaintiff does not plead particular facts as to how the relationship and obligations were

continuous, such as through ongoing communications, a payment scheme, or how proceeds were received. *See e.g.*, *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 (1985) (holding that, with respect to interstate contractual obligations, parties who "'reach out beyond one state and create continuing relationships and obligations with citizens of another state' are subject to regulation and sanctions in the other [s]tate for consequences of their activities"). Instead, Plaintiff premises his entire personal jurisdiction argument on the Letter. (*See* Resp. 6:17–7:2). Therefore, Plaintiff's allegations regarding Defendant's Letter do not establish a *prima facie* showing of purposeful availment.

Because Plaintiff cannot satisfy the first requirement, the Court cannot exercise specific jurisdiction over Defendant in this forum. This holding, however, should not be construed as barring Plaintiff from seeking leave to amend his pleading to restate his claims against Defendant in the event he believes he can accurately allege facts which, if proven, would give rise to personal jurisdiction over Defendant. Accordingly, the Court grants Defendant's Motion to Dismiss.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant Dean Koontz's Motion to Strike, (ECF No. 13), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Dean Koontz's Motion to Dismiss for Lack of Jurisdiction, (ECF No. 8), is **GRANTED**. The Court does not have personal jurisdiction over Defendant and therefore all claims against him are **DISMISSED without prejudice**.

**DATED** this \_\_23\_\_ day of February, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Judge